**Robert E. HIGDON, Plaintiff,**

v.

**CONCAST CABLE COMMUNICATIONS, INC., et al., Defendants.**

No. CV 87–P–0124–W.

United States District Court, N.D. Alabama, W.D.

March 31, 1987.

Alberta Murphy and Stan Murphy, Murphy & Murphy, Tuscaloosa, Ala., for plaintiff.

John R. Trapnell, Robert L. Thompson, Elarbee Thompson & Trapnell, Atlanta, Ga., and Gordon Rosen, Rosen Harwood Cook & Sledge, Tuscaloosa, Ala., for defendants.

## MEMORANDUM OF OPINION

POINTER, Chief Judge.

The defendants have moved the court to dismiss that part of plaintiff's claim under 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), which alleges retaliation. The only mention of retaliation in plaintiff's complaint comes in paragraph 20 where plaintiff avers: "The Plaintiff was threatened with a retaliatory denial of pension rights in the event of his pursuit of a claim of age discrimination by the Defendants." It is clear that this allegation of "threatened" retaliation does not state a claim of actual retaliation and should be DISMISSED under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The defendants have also moved to dismiss or strike plaintiff's request for compensatory damages based upon emotional distress, mental anguish, and injury to reputation under the ADEA. Damages for mental anguish, emotional distress and injury to reputation are not recoverable under the ADEA. *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435 (11th Cir.1985); *Dean v. American Security Insurance Co.,* 559 F.2d 1036 (5th Cir.1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978). As a result, plaintiff's request for these damages should be STRICKEN from his complaint.

A separate Order will be entered to this effect.